IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DENISE THOMAS,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:22-cr-00025-JPB-RDC |

**NON-FINAL REPORT AND RECOMMENDATION**

This criminal case is before this Court on Defendant Denise Thomas's four *pro se* "Notices" filed on January 25, 2024, seeking dismissal of the Indictment, (Docs. 79, 83, 84, and 89). The Government filed its response on February 8, 2024, (Doc. 91). These pleadings are now ripe for judicial review.

**I. Factual and procedural Background**

Ms. Thomas has been named in a two-count Indictment charging her with offenses involving wire fraud related to her application for funds distributed through the Paycheck Protection Program (PPP), a federal program intended to assist qualifying small business owners during the COVID-19 pandemic. (Doc. 1).

According to the Government, Ms. Thomas "submitted a PPP loan application for Pink Smoke which reported that the company had an annual payroll of over nine million dollars ($9,000,000) and sixty-one (61) employees. The PPP loan application attached allegedly falsified payroll tax forms and other falsified payroll documentation. As a result of the fraudulent PPP loan application, on March 16, 2021, Amur Equipment Finance, Inc. ("Amur") distributed approximately $1,214,090.00 in PPP loan funds to Pink Smoke. Thomas then transferred the proceeds into five different accounts and spent almost sixty-one thousand dollars ($61,000) of the loan funds on personal expenses" in violation of 18 U.S.C. §1343. (Doc. 91 at 2).

On January 25, 2024, this Court granted Ms. Thomas's motion to proceed *pro se.* (Doc. 86). She subsequently filed the following "Notices" challenging this Court's personal and subject matter jurisdiction: "Notice: Wish to remain silent" (Doc. 79), "Notice Challenge of Jurisdiction" (Doc. 83), "Notice: Challenge of Jurisdiction I do not recognize This Courts [sic] right to try me" (Doc. 84), and "Notice: Rescind all Oral and Non-Verbal Communication," (Doc. 89). Following careful review of the Defendant's pleadings, the Government's response and the applicable law, the undersigned **RECOMMENDS** that these requests seeking dismissal of the Indictment be **DENIED**.

## II.     "The parties' contentions

In her "Notices," Ms. Thomas argues that the Indictment is due to be dismissed

because this Court: "[must] prove(s) it is an Article III Court established by Congress", (Doc. 79); "is required to prove [it] is an (sic) constitutional Article III Court, (Doc. 83); "[must] prove in writing and point of law it is a constitutional Article III court, (Doc. 84); and "is not a lawful Article III constitutional Court established by the Congress of the United States." (Doc. 89).

The Government argues that these "Notices" are meritless and should be denied because "there is no question that this Court has jurisdiction over [her] and the crimes she committed in this district." (Doc. 91 at 4). Since district courts have original jurisdiction over all offenses against the laws of the United States, it argues, this Court maintains personal and subject matter jurisdiction over "any defendant brought before it on a federal indictment charging a violation of federal law in its district." (*Id.*). Based on this "unambiguous statutory and precedential authority," it avers that dismissal is unwarranted. (*Id.*)

### III. <u>Legal Authority and Analysis</u>

Ms. Thomas moves to dismiss the Indictment based on her assertion that this Court lacks personal and subject matter jurisdiction. She claims that absent proof "in writing and point of law" that this Court maintains jurisdiction, the Indictment must be dismissed. (Doc. 84 at 3). The Government submits that these claims are meritless because this Court has personal and subject matter jurisdiction over all offenses

against the laws of the United States and defendants accused of violating those laws pursuant to 18 U.S.C. § 3231. This Court agrees.

"A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law" in its District. (Doc. 91 at 4); *United States v. Rendon,* 354 F.3d 1320, 1326 (11th Cir. 2003) (collecting cases); *United States v. Williams*, 341 U.S. 58, 67-68 (1951). In the instant case, the Indictment charges Ms. Thomas with committing wire fraud in violation of 18 U.S.C. §1343. Therefore, this Court has personal jurisdiction over her, and her consent is not required. See, *United States v. Donelson,* No. 08–3008, 2009 WL 1137729, *1 (7th Cir. Apr. 28, 2009)(where the court stated that the defendant "frivolously argues that the district court did not have personal jurisdiction over him, insisting that he did not consent to the prosecution and that the court does not have jurisdiction over natural persons. But a district court has personal jurisdiction over any defendant who is brought before the court, regardless of whether the defendant consents.").[1] See also, *United States v. Marks,* 530 F.3d 799, 810 (9th Cir. 2008); *United States v. Burke,* 425 F.3d 400, 408 (7th Cir. 2005); *Smith v. United States,* No.

---

[1] The Government notes that the nature of Ms. Thomas's claims suggest that she is acting as a "Sovereign Citizen" by referring to herself as a "living sentient American Indian woman" or "sovereign American Indian living beneficiary of Denise Thomas Trust" and signing her pleadings as "Denise: Thomas, beneficiary." (Doc. 91 at 5). Whether she is acting in this capacity or just as an untrained *pro se* litigant is of no import; her claims are plainly meritless and should be denied.

207-CR-19-FTM-29DNF, 2009 WL 2181424, at *1 (M.D. Fla. July 22, 2009).

Subject matter jurisdiction," which Congress bestows on the lower federal courts by statute, "defines the court's authority to hear a given type of case." *United States v. Morton,* 467 U.S. 822, 828 (1984); *United States v. Brown*, 752 F.3d 1344, 1348 (11th Cir. 2014). Congress has granted federal district courts original jurisdiction "of all offenses against the laws of the United States." *Brown*, 752 F.3d at 1348; 18 U.S.C. § 3231. "[S]o long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the laws of the United States,' and, thereby, invokes the district court's subject-matter jurisdiction." *Brown*, 752 F.3d at 1354. Consequently, if an indictment alleges a violation of a valid federal statute, this Court has subject matter jurisdiction of that case. *United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019); See also, *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) ("Congress has provided the district courts with jurisdiction— "exclusive of the courts of the States"—of "all offenses against the laws of the United States."").

As previously stated, Ms. Thomas has been charged with violating 18 U.S.C. §1343 within the Northern District of Georgia; a federal criminal offense that clearly invokes this Court's subject matter jurisdiction. Thus, the undersigned **RECOMMENDS** that the "Notices" challenging the jurisdiction of this Court (Docs. 79, 83, 84, and 89) be **DENIED.**

5

## **Conclusion**

Based on the foregoing reasons, the undersigned **RECOMMENDS** that Ms. Thomas's "Notices" to dismiss the Indictment for lack of personal and subject matter jurisdiction (Docs. 79, 83, 84, and 89) be **DENIED**.

**IT IS SO RECOMMENDED** this 12th day of February, 2024.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE