UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DENISE THOMAS,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:22-CR-00025-JPB-RDC |

# ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R. & R.") [Doc. 101]. This Court finds as follows:

## BACKGROUND

The R. & R. sets forth the facts and procedural posture of this case in considerable detail. See [Doc. 101, pp. 2–8]. The Court incorporates that information by reference here. In short, Defendant is charged in a two-count indictment for wire fraud offenses in violation of 18 U.S.C. § 1343. [Doc. 1]. The offenses relate to Defendant's submissions to obtain a Paycheck Protection Program loan through the Coronavirus Aid, Relief, and Economic Security Act. Id. Defendant moved to dismiss the indictment due to selective prosecution, or in the alternative, to obtain discovery to establish the alleged discriminatory effect of

the Government's decision to prosecute her and an evidentiary hearing to support her claim.  See [Doc. 24].  On March 12, 2024, United States Magistrate Judge Regina D. Cannon issued an R. & R. recommending that Defendant's Motion to Dismiss Indictment Due to Selective Prosecution, [Doc. 24], be denied.  After the R. & R. was issued, on March 28, 2024, Defendant filed three notices [Docs. 103, 104, 105], which the Court liberally construes as objections to the Magistrate Judge's R. & R.

The R. & R. is ripe for review.

## ANALYSIS

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection *de novo* and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).  It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend

more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

Even construing Defendant's notices liberally as objections to the Magistrate Judge's R. & R., they do not address any portion of the Magistrate Judge's findings or conclusions, nor do they discuss the merits of Defendant's motion to dismiss. See [Docs. 103, 104, 105]; see also [Doc. 24].  Indeed, Defendant does not mention either the R. & R. or the underlying motion.  See [Docs. 103, 104, 105]. Rather, Defendant's notices appear to assert that this Court does not have jurisdiction over the instant case based on some kind of sovereign citizen theory. See id.  Sovereign citizen theories have been consistently rejected by the federal courts as being an "utterly frivolous" attempt to avoid statutes, rules and regulations that apply to all litigants.  See Mells v. Loncon, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019); see also United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013).  Thus, even construing Defendant's notices as objections to the Magistrate Judge's R. & R., those objections are **OVERRULED**.

In the absence of any proper objection to the Magistrate Judge's findings, and in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed the R. & R. for clear error and finds none.

## CONCLUSION

Accordingly, the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 101] as the judgment of the Court. For the reasons stated in the Magistrate Judge's Report and Recommendation, Defendant's Motion to Dismiss Indictment Due to Selective Prosecution [Doc. 24] is **DENIED**.

**SO ORDERED** this 6th day of May, 2024.

J. P. BOULEE
United States District Judge